IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-2469-GPG

**STEPHEN H. ADAMS**, Inmate No. 86319,

 Plaintiff,

v.

**GERALD JONSGAARD, Aurora Police Sgt., in his official and personal capacities;**
**BENJAMIN PETERING, Aurora Police Officer, in his official and personal capacities;**
**JONATHAN MCCANTS, Aurora Police Officer, in his official and personal capacities;**
**WILLIAM STRICKLAND, Aurora Police Officer, in his official and personal capacities;**
**STEVE GARCIA, Aurora Police Officer, in his official and personal capacities; and**
**CITY OF AURORA;**

 Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Stephen H. Adams, a *pro se* prisoner litigant, has submitted a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, which was granted by the Court on November 12, 2015 (ECF No. 4).

The Court must construe Plaintiff's Complaint liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be directed to file an Amended Complaint.

The Complaint is deficient to the extent Plaintiff sues Defendants in their official capacities. Suits against Defendants in their official capacities are suits against the City

of Aurora. Municipalities are not persons subject to suit under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991) (citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978)), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).

Moreover, a local government entity such as the City of Aurora is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). A plaintiff seeking to hold a city or county government liable for injuries under § 1983 must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998). Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

In his second claim, Plaintiff alleges a violation of the Fourteenth Amendment, which provides as follows.

> Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. Amend. XIV, § 1 (emphasis added).

The Due Process Clause was promulgated to secure the individual from the arbitrary exercise of the powers of government. The standard of review for a substantive due process challenge to executive branch action requires that the

aggrieved person establish that the executive action shocks the court's conscience. *See, e.g., Benson v. Martin*, 8 F. App'x 927, 930 (10th Cir. 2001) (explaining it is a habeas petitioner's burden to establish that the challenged action shocks the conscience).  The Supreme Court has explained that conduct that is most likely to rise to the conscience-shocking level is conduct intended to injure in some way unjustifiable by any government interest.  *Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).  Plaintiff's allegations do not appear to rise to this level.

With respect to his first claim, a law enforcement officer can violate the Fourth Amendment by using excessive force to carry out an arrest.  *Cavanaugh v. Woods Cross City*, 718 F.3d 1244, 1248 (10th Cir. 2013).  When an arrestee alleges excessive force, the court applies the objective reasonableness test announced in *Graham v. Conner*, 490 U.S. 386, 388 (1989). Under this test, the court considers the totality of the circumstances.  *Plumhoff v. Rickard*, 143 S.Ct. 2013, 2020 (2014).  To determine whether the use of force was objectively reasonable under the circumstances, the court weighs three factors:  1) the severity of the crime at issue; 2) the immediate threat that the suspect posed to officers and others; and 3) any active resistance or attempt to flee by the suspect.  *Graham*, 490 U.S. at 396.

Finally, Plaintiff's allegations fail to state a claim under the Eighth Amendment as that Amendment applies only to convicted prisoners.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of*

*Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims.  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

Plaintiff is required to assert personal participation by properly named defendants in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  **To establish personal participation, Plaintiff must show in the Cause of Action section of the complaint form how each named individual caused the deprivation of a federal right**.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See*

*Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Furthermore, **TO STATE A CLAIM IN FEDERAL COURT PLAINTIFF MUST EXPLAIN (1) WHAT A DEFENDANT DID TO HIM; (2) WHEN THE DEFENDANT DID IT; (3) HOW THE DEFENDANT'S ACTION HARMED HIM; AND (4) WHAT SPECIFIC LEGAL RIGHT THE DEFENDANT VIOLATED AS TO EACH AND EVERY CLAIM.** *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). Accordingly, in the Amended Complaint, Plaintiff must allege specific facts to show how each named Defendant personally participated in an alleged deprivation of his constitutional rights.

In addition, the Court requests Plaintiff to write in a larger more legible manner so that it may decipher his pleadings.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Plaintiff must file an amended complaint if he wishes to pursue his claims in this action. Accordingly, it is

**ORDERED** that **within thirty days from the date of this Order**, Plaintiff shall file an amended complaint that complies with this Order. It is

**FURTHER ORDERED** that Plaintiff shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the amended complaint. It is

**FURTHER ORDERED** that if Plaintiff fails to comply with this Order within the time allowed the Court will dismiss the action without further notice.

DATED December 21, 2015, at Denver, Colorado.

BY THE COURT:

 /s Gordon P. Gallagher
Gordon P. Gallagher
United States Magistrate Judge
