IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02469-GPG

STEPHEN H. ADAMS,

    Plaintiff,

v.

GERALD JONSGAARD, Aurora Police Sgt., Individual and Official Capacities,
BENJAMIN PETERING, Aurora Police Officer, Individual and Official Capacities,
JONATHAN McCANTS, Aurora Police Officer, Individual and Official Capacities,
WILLIAM STRICKLAND, Aurora Police Officer, Individual and Official Capacities,
STEVE GARCIA, Aurora Police Officer, Individual and Official Capacities, and
CITY OF AURORA,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE

---

Plaintiff Stephen H. Adams is a prisoner in the custody of the Colorado Department

of Corrections and is currently incarcerated at the Arrowhead Correctional Center in

Cañon City, Colorado.   Plaintiff initiated this action by filing, *pro se*, a Prisoner Complaint

pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 that asserts a deprivation of his

constitutional rights. On December 21, 2015, Magistrate Judge Gordon P. Gallagher

reviewed the Complaint and determined that it was deficient because Plaintiff failed to

comply with Fed. R. Civ. P. 8 and to allege the personal participation of each Defendant in

a deprivation of his constitutional rights.   Plaintiff further was instructed that the City of

Aurora may not be held liable under § 1983 solely because its employees have inflicted

injury on a plaintiff; and he was further instructed that a policy or custom must exist that is

directly related to the injury alleged.   The Court, therefore, ordered Plaintiff to file an

amended complaint within thirty days, which Plaintiff did on January 26, 2016.   *See* ECF

1

No. 6.

The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an advocate for *pro se* litigants.   *See Hall*, 935 F.2d at 1110.   For the reasons discussed below, this action will be drawn in part and dismissed in part.

Plaintiff alleges in the Amended Complaint that on December 15, 2013, Defendants   Benjamin Petering, Jonathan McCants, William Strickland, and Steve Garcia, pursuant to Defendant Sergeant Jonsgaard's directive, shot fifty-four bullets into Plaintiff's vehicle, even though Plaintiff is partially paralyzed and did not pose a threat to Defendants.   Plaintiff further asserts that Defendant City of Aurora violated his constitutional rights by failing to train the police officers involved and to insure that the policies set forth are respected and followed by its employees.   Plaintiff seeks compensation for all medical care that has accrued due to the injuries he incurred during this incident and for future care for him and his family.

Plaintiff cannot maintain a § 1983 claim against the City of Aurora.   Plaintiff was warned in the January 15 Order that to hold a municipality liable under 42 U.S.C. § 1983, a plaintiff must show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.   *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).   Municipalities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.   *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).   Plaintiff does not identify any custom,

practice, or policy of the City of Aurora or allege any facts to suggest a direct causal link between any action of the local government entity and a constitutional violation. *See Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997); *Hollingsworth v. Hill,* 110 F.3d 733, 742 (10th Cir. 1997).

Moreover, Plaintiff seeks to hold the City of Aurora liable under the theory that they failed to properly supervise and train Defendants Petering, McCants, Strickland, and Garcia.   Plaintiff asserts in a conclusory manner that the City of Aurora is responsible to train and to insure policies are respected and followed.   Plaintiff, however, also states that Defendant Jonsgaard acted against Aurora City Police policy when he directed the police officers to open fire on Plaintiff's vehicle.

Plaintiff does not provide any further factual allegations regarding the alleged incident.   In sum, the claims against the City of Aurora consist of nothing more than conclusory allegations.   There are no well-pled facts that demonstrate the existence of an established government policy or custom that deprived Plaintiff of his constitutional rights, or no well-pled facts that demonstrate specific deficiencies in the training or supervision that actually caused the injuries alleged by Plaintiff.   *Cf. Kramer v. Wasatch County Sheriff's Office,* 743 F.3d 726, 759 (10th Cir. 2014) (rejecting plaintiff's § 1983 causation theory that predicated liability on the defendants' inaction; to establish deliberate indifference, plaintiff must establish that the need for more or different action was "so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need").   Accordingly, Defendant City of Aurora is an improper party to this action and will be dismissed.

The official capacity claims against the remaining Defendants are construed as claims against the City of Aurora.   *See Hafer v. Melo*,   502 U.S. 21, 25 (1991) (stating that claims asserted against government officials in their official capacities are construed against the governmental entity).   A local governmental entity can be liable under § 1983 if the "final policymaker" takes the unconstitutional action. *See Moss v. Koop*, 559 F.3d 1155, 1169 (10th Cir. 2009) (citing *Melton v. City of Oklahoma City*, 879 F.2d 706, 724 (10th Cir.1989), *rev'd en banc in part on other grounds*, 928 F.2d 920 (10th Cir.1991)). In addition, if a subordinate's position is subject to review by the municipality's authorized policymakers and the authorized policymakers approve a subordinate's decision and the basis for it, their ratification will be chargeable to the municipality.   *Id.*   Nothing Plaintiff asserts demonstrates that Defendants Jonsgaard, Petering, McCants, Strickland, and Garcia actions were approved by a policymaker.

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that Plaintiff's § 1983 claims against Defendants Jonsgaard, Petering, McCants, Strickland, and Garcia appear to be inappropriate for summary dismissal and that the case should be drawn in part to a presiding judge and, if appropriate, to a magistrate judge.   *See* D.C.COLO.LCivR 8.1(c).   Accordingly, it is

ORDERED that Defendant City of Aurora is DISMISSED from this action for Plaintiff's failure to allege the City violated Plaintiff's constitutional rights.   It is

FURTHER ORDERED that the claims asserted against Defendants Jonsgaard, Petering, McCants, Strickland, and Garcia in their official capacities are dismissed.   It is

FURTHER ORDERED that Plaintiff's claims against Defendants Jonsgaard, Petering, McCants, Strickland, and Garcia in their individual capacities shall be drawn to a

4

presiding judge and, if appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR

40.1(a).

DATED at Denver, Colorado, this __1st__ day of __February__, 2016.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

5